The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion regarding Act 859 of 1993, which is codified at A.C.A. § 26-26-1115 (Supp. 1993). You state that individuals who purchased lots in a subdivision that was platted of record in 1994 have requested to have their property separated and assessed away from the original parcel. You have asked whether these purchasers have the right under § 26-26-1115 to require the county assessor to separate and assess the lots purchased.
Section 26-26-1115 states as follows:
 (a)(1) When a person acquires ownership of a portion of a parcel of realty during the time of year when the county assessor is not making changes in the assessment book, that person may request the county assessor to apportion the current assessment between the remaining portion of the parcel and that acquired by the person making the request; provided, however, that:
 (A) All necessary deeds and papers proving ownership of the portion have been filed with the county recorder;
 (B) No provision has been made for payment of taxes on the realty at the time the person acquired the portion; and
 (C) The request is made at least thirty (30) days before the last day to pay taxes on the assessment year in question.
 (2) The request shall be in writing, signed by the owner, and shall include a complete legal description of the entire parcel and a complete legal description of the parcel being conveyed.
 (b) The provisions of this section shall not apply to any parcel of realty on which there is an actual tax delinquency at the time the request for allocation is made.
 (c) The county assessor shall allocate the assessment within thirty (30) days after the request and shall provide the information included in the allocation to the county collector.
 (d)(1) The county collector, after receiving notification of the allocation, shall accept payment in full toward any prior year's taxes currently due according to the values provided in the notification.
 (2) Payment may be applied to the current tax bill as a partial payment, or a separate parcel number may be assigned to the portion and receipted to the new number.
 (e) Payment shall be considered as satisfying the tax lien for that portion of the prior year's taxes as legally defined in the notification.
Thus, assuming that all of the requirements of § 26-26-1115 have been met, it appears that the assessor must, in accordance with subsection (c), "allocate the assessment within thirty (30) days after the request."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh